IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRIBAL CONSORTIUM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-238-D |
| | ) |
| MARIE PIERSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

By the Order to Show Cause issued April 29, 2009 [Doc. No. 106], the Court directed Defendant Vision Gaming & Technology, Inc. ("Vision Gaming") to show cause for its noncompliance with a prior order to secure new counsel to enter an appearance on its behalf. *See* Order 3/13/09 [Doc. No. 104]. A review of the case file reveals no response by Vision Gaming, no entry of appearance by substitute counsel, and no other filing on behalf of Vision Gaming to date. Instead, Vision Gaming's attorneys of record have renewed a previous motion to withdraw from the case.[1] With the motion, counsel have submitted a "Deed of Assignment for the Benefit of Creditors Agreement" dated March 11, 2009, which reflects Vision Gaming's decision to liquidate its business in accordance with Georgia law. The assignee has taken no action with regard to the assets of Vision Gaming at stake in this case, even though the Court expressly stated in the show cause order that failure to comply could result in the imposition of sanctions, including a dismissal of Vision Gaming's counterclaim against Plaintiff.

Upon consideration of facts shown by the case record, the Court finds a willful failure by Vision Gaming to comply with the Court's orders to ensure legal representation of the corporation

---

[1] The attorneys' motion will be addressed by a separate order.

in this case.² The Court further finds the dismissal of Vision Gaming's counterclaim is an appropriate sanction. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1150 (10th Cir. 2003) (affirming the dismissal of a complaint due to the plaintiff's failure to obey an order to hire resident counsel). This case has been stayed since March 13, 2009, pending Vision Gaming's compliance with the Court's order to obtain counsel because the corporation cannot appear without counsel. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); W.D. Okla. R. LCvR17.1. In view of the refusal to secure representation, Vision Gaming is precluded as a practical matter from prosecuting its counterclaim.

IT IS THEREFORE ORDERED that the counterclaim of Defendant Vision Gaming & Technology, Inc. is DISMISSED WITHOUT PREJUDICE to refiling.

IT IS FURTHER ORDERED that the stay imposed by Order of March 13, 2009, is lifted. A continued, willful refusal of Defendant Vision Gaming & Technology, Inc. to obtain substitute counsel and otherwise to defend this action may result in the entry of a default judgment, if appropriate. *See Ruplinger v. Rains* (*In re Rains*), 946 F.2d 731, 732-33 (10th Cir. 1991).

IT IS SO ORDERED this 28th day of May, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

² A "willful failure" is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Sheftelman v. Standard Metals Corp.*, (*In re Standard Metals Corp.*), 817 F.2d 625, 628-29 (10th Cir. 1987) (internal quotation omitted).